Reese, J.
delivered the opinion of the court.
On the 18th January, 1843, there came to the hands of the Sheriff of Wilson county, an execution against the Cummings., at the suit of Richmond, Fisher & Co., for $757 04, tested of September term, 1842, returnable, and returned on the, then, current January, to wit, 24th day, with the endorsement thereon, of a levy upon certain slaves and store goods, which there was not time to sell.
At the time of the levy a delivery bond was taken, by the Sheriff, conditioned, for the delivery of the property levied on, on 1st Monday of March. This bond is not shown in the record. This delivery bond was not forfeited; for the plaintiffs directed the Sheriff, in writing, that he might take another delivery bond for the property on 1st of April, but must continue the lien of the levy. On the 9th of March, the Sheriff endorsed on the old execution, that he had re-levied on the same property. The bond then given, was executed by persons not defendants in the execution, for the surrender of the property to the Sheriff on 3d of April, 1843. , The property was not surrendered, and the bond forfeited. On the 10th of May, the Sheriff professed to re-levy the same execution on the same property; and he sold it to satisfy the same, on 22d May, 1843.
In the mean time, there came to the hands of the Sheriff the other executions in the record mentioned, tested of January term, 1843. And the question is, whether the property was so treated under the first execution, as to discharge its prior lien, and subject its proceeds to the satisfaction of the junior executions. Some absurd things took place on the part of the Sheriff; as for instance, his re-levies in March and May, by virtue of an execution, which was returnable in January preceding. But, while that could avail nothing, on the other hand, it would not disturb the attitude in which, by operation of law, the property had' been placed.
On the 18th January, 1843, the property was levied on and the execution returned. This vested the legal title in the *385 ¡Sheriff', for-the use of the plaintiffs; it was in custodia legis, and the Sheriff, without further process or levy, might have sold, and ought to have sold the property levied on. The levy and the writ, although returned, would sustain the subsequent sale. This is a well known, and long settled principle, not shaken, so far as relates to personalty, but established by the case of Overton vs. Perkins.
The bond taken at the time of the levy, did not release the lien of the levy. This is so settled in the case of Abbott vs. Malone, 3 Hump. Rep. It is the forfeiture of such bond, which, according to that case, merges the Hen of the levy in the bond which becomes on forfeiture a quasi judgment. But this bond was not forfeited, and the property came again into the possession and under the control of the Sheriff, and subject to the continuing lien of the levy. Nothing intervened between this time and the sale, to discharge this lien. For as to the second bond, founded upon the supposed second levy of the execution long returned, as such re-levy was useless and ineffectual, the bond' taken upon it was without statutory authority. And, again, this bond was given by strangers to the execution. The property was in their hands, as the bailees of the officer. The lien of the levy of the 18th day of January, 1843, continued during the time the bond stipulated, and after its supposed forfeiture; and the sale which took place finally had relation to, and was rendered valid by the means of the levy of the 18th January, 1843, and the lien arising therefrom; the subsequent proceedings happening to be of such a character as not to interrupt its continuity.
For the above reasons, we reverse the judgment of the Circuit Court in this case, and assert the prior lien of the execution levied on 18th January, 1843, and tested of September term, 1842.